1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    GARY RAYMOND SWINHART,                    No.  2:20-cv-01955 KJM CKD

12           Plaintiff,

13        v.                                    ORDER

14    KILOLO KIJAKAZI, Acting
      Commissioner of Social Security,
15
             Defendant.
16

17

18        Based on 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an

19   award of attorney fees in the amount of $5,004.50, characterized as "[t]he remaining fees . . . left

20   of the 25% of past due benefits that the SSA withheld for the payment of attorney fees."  (ECF

21   No. 21 at 2, citing ECF 21-1.)  Counsel concedes that this amount should be offset in the amount

22   of $1,531.80 for fees previously awarded under EAJA.  (See ECF No. 20.)  Defendant has filed a

23   response and does not object to the amount requested.  (ECF No. 23.)

24        42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

25            Whenever a court renders a judgment favorable to a claimant under
              this subchapter who was represented before the court by an attorney,
26            the court may determine and allow as part of its judgment a
              reasonable fee for such representation, not in excess of 25 percent of
27            the total of the past-due benefits to which the claimant is entitled by
              reason of such judgment.
28

                                                  1

1  Rather than being paid by the government, fees under the Social Security Act are awarded out of

2  the claimant's disability benefits.  Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991),

3  receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001).

4  However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also

5  must ensure that the requested fee is reasonable.  Gisbrecht v. Barnhart, 535 U.S. 789, 808-09

6  (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory

7  ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those

8  agreements.").  "Within the 25 percent boundary ... the attorney for the successful claimant must

9  show that the fee sought is reasonable for the services rendered."  Id. at 807.

10     Counsel seeks fees for 7.4 hours.  (ECF No. 21-3.)  The Court has considered the

11  character of counsel's representation and the good results achieved by counsel, which included an

12  award of benefits.  Counsel submitted a detailed billing statement that supports their request.

13  There is no indication that a reduction of the award is warranted due to any substandard

14  performance by plaintiff's counsel, as counsel secured a successful result.  There is also no

15  evidence that plaintiff's counsel engaged in any dilatory conduct resulting in delay.

16     Based on the quality of counsel's representation and the results achieved in this case, the

17  undersigned finds the number of hours expended to be reasonable.  Accordingly, the undersigned

18  will award the amount of attorney fees requested.

19     Accordingly, IT IS HEREBY ORDERED that:

20     1.  Plaintiff's counsel's motion for attorney fees (ECF No. 21) is granted; and

21     2.  Plaintiff's counsel is awarded $5,004.50 in attorney fees pursuant to 28 U.S.C. §

22         406(b).  Upon payment of the fees sought herein, counsel shall refund plaintiff the

23         amount of $1,531.80 previously awarded under EAJA.

24  Dated:  January 12, 2023

25  _____
    CAROLYN K. DELANEY
26  UNITED STATES MAGISTRATE JUDGE

27  2/swinhart1955.fees-406(a)

28

2